UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER EDWARD FERGUSON,           )
                                        )   Case No. 2:16-cv-01525-APG-NJK
              Plaintiff(s),             )
                                        )
vs.                                     )   **O R D E R**
                                        )
CHAD BAKER, et al.,                     )
                                        )
              Defendant(s).             )
                                        )

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On July 20, 2016, the Court granted Plaintiff's application, and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Docket No. 4. The Court dismissed Plaintiff's complaint with leave to amend. *Id.* The Court identified numerous deficiencies in Plaintiff's complaint, and provided him an opportunity to cure those defects. *See id.*

**I.    DISCUSSION**

Plaintiff has now filed an amended complaint, which he frames as an action under 42 U.S.C. § 1983. Docket No. 6. Plaintiff contests the decision of three police officers to seize his vehicle, as well as Defendant Fast Tow, Inc.'s subsequent involvement in towing and impounding it. *See, e.g.*, *id.* at 3, 6. It appears that Plaintiff is challenging a seizure that occurred in connection with a traffic citation. *Id.* at 3. In his amended complaint, Plaintiff asserts that Defendant Baker ticketed Plaintiff for a traffic violation, but that Defendant "Baker's charges were dismissed because he didn't show up." *Id.*[1]

---

[1] The Court, notes, however, that Plaintiff asserted in his initial complaint that he was found guilty of a traffic violation. Docket No. 1-1 at 11.

1 　　　　The Court construes Count I of the amended complaint as attempting to allege a § 1983 claim
2 for deprivation of due process under the Fourteenth Amendment against Defendant Baker. *See id.*
3 at 4. To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution
4 or statutory law has been violated, and the deprivation was committed by a person acting under color
5 of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Plaintiff meets these basic
6 requirements by identifying a constitutional amendment and alleging that Defendant Baker acted
7 under color of law as a police officer. *Id.* at 2-3. However, the Court must also examine whether
8 Plaintiff states a claim against Defendant Baker under the Fourteenth Amendment.

9 　　　　Plaintiff relies primarily on the conclusory assertion that Defendant Baker "took away [his]
10 notice and opportunity [t]o defend the seizure in court." *Id.* at 4. Plaintiff also notes that Defendant
11 Baker failed to fill out or provide some forms. *Id.* at 4-5. Plaintiff's conclusory assertion fails to
12 satisfy the pleading requirements. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that
13 although Rule 8 does not require detailed factual allegations, it demands "more than labels and
14 conclusions") (internal quotation marks and citation omitted). Thus, Plaintiff fails to state a claim
15 upon which relief can be granted against Defendant Baker.

16 　　　　The Court construes Count II as attempting to allege a § 1983 claim for deprivation of
17 Plaintiff's procedural due process rights against Defendant Fast Tow, Inc. *See* Docket No. 6 at 5.
18 Plaintiff alleges that Defendant Fast Tow, Inc. violated his Fourth Amendment rights, and that it
19 worked in concert with the state. *See id.* The Fourth Amendment applies to searches and seizures,
20 not procedural due process. Moreover, Plaintiff's factual allegations are again vague and limited.
21 *See id.* Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendant Fast
22 Tow, Inc.

23 　　　　Additionally, Plaintiff cites a variety of other authorities in isolation. *See, e.g.*, *id.* at 2
24 (referring to 28 U.S.C. § 1343, and 42 U.S.C. §§ 1985 and 1986); *id.* at 4 (quoting the Nevada
25 Constitution). As the Court previously explained, even liberally construing Plaintiff's complaint,
26 bald citations of authority do not satisfy Rule 8. Docket No. 4 at 3. Additionally, Plaintiff makes

conclusory assertions regarding an alleged conspiracy between Defendants John Doe #1 and John Doe #2. Docket No. 6 at 3. These assertions do not satisfy the pleading requirements. *See, e.g.*, *Iqbal*, 556 U.S. at 678. Plaintiff therefore fails to state a claim upon which relief can be granted against these defendants. The Court gives Plaintiff one final opportunity to cure the deficiencies in his complaint.

## II.   CONCLUSION

Accordingly,

**IT IS ORDERED**, for the reasons stated above, that the amended complaint is **DISMISSED**, with leave to amend. Plaintiff shall have until **February 23, 2017**, to file a second amended complaint, if Plaintiff believes he can cure the noted deficiencies. If Plaintiff chooses to file a second amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

IT IS SO ORDERED.

DATED: January 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge