1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER EDWARD FERGUSON,           )
                                        )     Case No. 2:16-cv-01525-APG-NJK
                    Plaintiff(s),       )
                                        )     REPORT AND
vs.                                     )     RECOMMENDATION
                                        )
CHAD BAKER, et al.,                     )     (Docket No. 10)
                                        )
                    Defendant(s).       )
_____ )

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On July 20, 2016, the Court granted Plaintiff's application, and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Docket No. 4. The Court dismissed Plaintiff's complaint with leave to amend. *Id.* The Court identified numerous deficiencies in Plaintiff's complaint, and provided him an opportunity to cure those defects. *See id.* On August 17, 2016, Plaintiff filed an amended complaint. Docket No. 6. The Court dismissed Plaintiff's second amended complaint with leave to amend, again identifying numerous deficiencies and providing him an opportunity to cure those defects. Docket No. 9.

I.    **DISCUSSION**

Plaintiff has now filed a second amended complaint, which he frames as an action under 42 U.S.C. § 1983. Docket No. 10. Plaintiff contests the decision of two police officers, Defendants Las Vegas Metropolitan Police Department Officer Chad Baker and "Officer Garcia," to seize his vehicle, as well as Defendant Fast Tow, Inc.'s ("Fast Tow") subsequent involvement, as an agent of Defendant City of Las Vegas, in towing and impounding his vehicle to a City of Las Vegas

impound lot. *See id.* at 3-4. Plaintiff challenges a seizure that occurred in connection with a citation for driving without a valid license and without proof of valid insurance. *Id.* at 4. In his second amended complaint, Plaintiff asserts that Defendant Baker stopped Plaintiff for speeding but issued a citation pursuant to Nevada Revised Statute ("N.R.S.") 483.460. *Id.* at 3.

Count I of the second amended complaint alleges a § 1983 claim for violation of Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment against Defendants Baker, Garcia, Fast Tow, and City of Las Vegas. *Id.* at 4. To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Plaintiff meets these basic requirements by identifying a constitutional amendment and alleging that Defendants Baker and Garcia acted under color of law as a police officers and Defendant Fast Tow acted as an agent on behalf of City of Las Vegas. *Id.* at 2-3. However, the Court must also examine whether Plaintiff states a claim against these Defendants under the Fourteenth Amendment.

Plaintiff relies primarily on the conclusory statements that Defendants Baker and Garcia caused Plaintiff's vehicle "to be impounded without a statutory basis for such action" and refused "Plaintiff's request to have a family member retrieve his vehicle from its location approximately 200 yards from his home." *Id.* at 4. Plaintiff also alleges that Defendant Fast Tow "caused his vehicle to be sold without notice to Plaintiff." *Id.* However, Plaintiff notes that he was present for a hearing regarding his citation and impounded vehicle before the Las Vegas Municipal Court on May 12, 2016, and that "[t]he City's case against Plaintiff was dismissed." *Id.* at 3. Therefore, Plaintiff had notice of a hearing related to his citation and impounded vehicle and an opportunity to defend his case. Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendants.

Plaintiff further submits that, while he was provided with the opportunity to retrieve his vehicle from Defendant Fast Tow's impound lot, he "did not have the funds to pay for the fees to retrieve his vehicle." *Id.* at 3. Moreover, Plaintiff retains his claims against Defendant Fast Tow as

2

an agent on behalf of Defendant City of Las Vegas. *Id.* at 4. A private party may be considered an agent on behalf of a government entity or actor, and thus acting under the color of law, if it conspires with the government entity or actor. *Romero v. Exel*, 2007 U.S. Dist. LEXIS 50334, at *11-12 (D. Nev. July 9, 2007) (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1998)). Plaintiff makes the conclusory statement that Defendants Baker, Garcia, and Fast Tow entered into a conspiracy when Defendants Baker and Garcia dispatched Defendant Fast Tow to impound Plaintiff's vehicle to a City of Las Vegas impound lot. Docket No. 10 at 3. Without further facts, Plaintiff's statement fails to establish not only the existence of a conspiracy between Defendants but that such a conspiracy lead to the violation of Plaintiff's due process rights under the Fourteenth Amendment. Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendants Fast Tow and City of Las Vegas.

Count II of the second amended complaint alleges a § 1983 claim for violation of Plaintiff's Fourth Amendment right to be secure in his personal property and his right against unreasonable search and seizure. *Id.* at 5. Plaintiff alleges that Defendants Baker and Garcia violated his Fourth Amendment rights by seizing his vehicle without the proper statutory authority. *Id.* Plaintiff also alleges that Defendant Fast Tow violated his Fourth Amendment rights by towing his vehicle. *Id.* Plaintiff alleges that his citation was issued pursuant to N.R.S. 483.460 but then alleges that Defendants Barker and Garcia lacked the authority to impound his vehicle under N.R.S. 484A.650(1) and 485.187.[1] *Id.* at 3. The Court finds that Plaintiff's allegations are vague and incomplete. Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendants Baker and Garcia.

Plaintiff seemingly alleges what the Court has construed as a § 1983 claim for violation of Plaintiff's equal protection rights under the Fourteenth Amendment for discrimination on the basis of race and religion against Defendants Baker and Garcia. Docket No. 10 at 4-5. Plaintiff makes

---

[1] The Court notes that N.R.S. 483.460 does not provide for a blanket citation for "driving on a suspended, cancelled or revoked license," but permits the revocation of one's license "upon receiving a record" of a conviction of enumerated offenses provided for in the statute. Plaintiff omits details as to what could have led Defendants Baker and Garcia to issue the citation under this statute in particular.

a conclusory statement that Defendants Baker and Garcia's actions were motivated by their knowledge of Plaintiff's race and religion from Plaintiff's "prior complaint against Defendant [Las Vegas Metropolitan Police Department]." As the Court has previously noted, while detailed factual allegations are not required in a plaintiff's complaint, Fed.R.Civ.P. 8 requires that the complaint provide "more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's statements do not satisfy the pleading requirement and, therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Baker and Garcia.

Additionally, the Court previously explained that Plaintiff could not provide "bald citations of authority" in isolation "without explaining their applicability to the present action." Docket Nos. 4 at 3, 9 at 2. This, however, was not an indication that all sources of authority should be omitted from Plaintiff's second amended complaint. Plaintiff's second amended complaint fails to provide any authority aside from citations to the N.R.S. in reference to Plaintiff's citation and Defendants Baker and Garcia's authority or alleged lack thereof to impound Plaintiff's vehicle. Docket No. 10 at 3. Therefore, Plaintiff's second amended complaint does not satisfy the pleading requirements and fails to state a claim upon which relief can be granted against Defendants Baker, Garcia, Fast Tow, Las Vegas Metropolitan Police Department, and City of Las Vegas.

**II.     CONCLUSION**

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: December 18, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

//

//

4

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).