**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER EDWARD FERGUSON,

Plaintiff

v.

CHAD BAKER, et al.,

Defendants

Case No.: 2:16-cv-01525-APG-NJK

**Order**

[ECF Nos. 92, 97, 98, 99, 104, 112, 114, 116, 123, 124, 136]

Plaintiff Christopher Ferguson sues the Las Vegas Metropolitan Police Department (LVMPD), LVMPD Officer Chad Baker and Sergeant Garcia, the City of Las Vegas, and Fast Tow Inc. in relation to his car being towed.  I previously dismissed Ferguson's complaint without prejudice for failure to state a claim. ECF No. 19.  The Ninth Circuit reversed and remanded, stating that Ferguson plausibly stated a Fourth Amendment violation because he "alleged that the vehicle was impounded after he was cited for driving without a valid license and for not having car insurance, even though the vehicle was parked 200 yards from Ferguson's home and Ferguson offered to have a family member retrieve the vehicle for him." ECF No. 25 at 2.  The Ninth Circuit also concluded Ferguson stated a Fourteenth Amendment violation because he alleged that "his vehicle was sold without any notice to him and before he had an opportunity to contest the wrongful seizure of the vehicle in court." *Id.*

During discovery, LVMPD sent Ferguson requests for admissions, to which Ferguson did not respond. ECF No. 92-4.  Ferguson has never moved to withdraw those admissions.  The requests are therefore admitted and conclusively established for this litigation.[1]

---

[1] Under Federal Rule of Civil Procedure 36(a)(1), a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about

Ferguson contends that during a conference in January 2020, City's counsel led him to believe that City would provide the record from the traffic citation proceedings, but City never did so. Ferguson did not file a motion to compel while discovery was open.

LVMPD and City move for summary judgment, arguing no genuine dispute remains that Ferguson's car was properly towed under the community caretaking doctrine and that he was given due process to retrieve his vehicle. Ferguson opposes and moves for summary judgment, contending there was no basis to tow his vehicle because it was not blocking traffic and he offered to have a family member retrieve the car. Although not clear from his briefing, it appears that he also disputes he received due process because he did not get a pre-deprivation hearing and because Fast Tow required him to pay over $4,000 to get his car back. Ferguson also filed a variety of motions and other papers in which he attempted to supplement his summary judgment briefing. In response, LVMPD filed multiple motions to strike.

Although LVMPD purported to offer body cam videos and a recorded telephone conversation as exhibits in support of its motion for summary judgment, LVMPD never physically filed those exhibits with the court. *See* ECF Nos. 92, 125, 134. LVMPD recently filed a notice of manual filing of that evidence. ECF No. 134. But LVMPD did not physically deliver the videos or telephone recording to the court, even after I ordered it to do so if it wanted me to consider those exhibits. ECF No. 135. LVMPD's notice of manual filing prompted Ferguson to move to strike. Although not clear from Ferguson's motion, it appears he mistakenly believes

---

either; and . . . the genuineness of any described documents." If the party to whom the request is directed fails to respond within 30 days, the matter is admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). I may "permit withdrawal or amendment if it would promote the presentation of the merits of the action and if [I] am not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

that the manual filing relates to the evidence he contends City promised to provide to him. Although Ferguson is mistaken about what the notice of manual filing is about, I nevertheless grant his motion to strike the notice of manual filing because LVMPD did not actually manually file the exhibits.  Additionally, because LVMPD did not timely file its video and audio exhibits, those exhibits are not part of the record on summary judgment.

## II.  ANALYSIS

### A.  Filings Related to Amending the Complaint (ECF Nos. 98, 99)

Ferguson filed a motion for joinder of claims and a motion related to a fraud on the court. ECF Nos. 98, 99.  Although neither motion is particularly clear, it appears Ferguson is seeking to add some sort of claim related to his assertion that City's attorney, Elias George, promised to provide Ferguson materials related to the state court traffic citation proceedings, but then failed to do so.

To the extent these motions seek to amend the complaint, I deny them because Ferguson filed them past the scheduling order's deadline to amend pleadings and he has presented no basis for me to amend the scheduling order.  Where a party seeks to amend a pleading after expiration of the scheduling order's deadline for amending the pleadings, the moving party first must satisfy the stringent "good cause" standard under Federal Rule of Civil Procedure 16. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Rule 16(b)'s "good cause" standard centers on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609.  I may modify the scheduling order if its deadlines "'cannot reasonably be met despite the diligence of the party seeking the extension.'"

1 *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983

2 amendment).

3        Although Rule 16 does not require a showing of prejudice, I may consider whether

4 prejudice would result to the party opposing amendment. *Coleman*, 232 F.3d at 1295.  Prejudice

5 has been found where the plaintiff moved to amend late in the proceedings, thereby requiring the

6 defendant to go "through the time and expense of continued litigation on a new theory, with the

7 possibility of additional discovery." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161

8 (9th Cir. 1989) (quotation omitted); *see also MV Am. Queen v. San Diego Marine Constr. Corp.*,

9 708 F.2d 1483, 1492 (9th Cir. 1983) (upholding denial of motion to amend where new

10 allegations would "totally alter the basis of the action" and necessitate additional discovery).

11 Whether to modify the scheduling order's amendment deadline lies within my discretion. *U.S. v.*

12 *Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007).  If the moving party is able to satisfy the good

13 cause standard under Rule 16, then I examine whether the amendment is proper under Rule

14 15(a). *Johnson*, 975 F.2d at 608.

15        I need not consider the propriety of amendment under Rule 15 because Ferguson has not

16 met Rule 16's good cause standard.  Under the scheduling order, the parties had until March 4,

17 2020 to amend the pleadings. ECF No. 55 at 2.  Ferguson filed his motions in August 2020.  To

18 the extent Ferguson may contend he did not know of George's alleged duplicity until discovery

19 closed, his motion is still untimely.  The scheduling order set the discovery cutoff date for June

20 2, 2020. *Id.*  Thus, Ferguson knew or should have known by then that George had not provided

21 the state court materials as allegedly promised.  He could and should have moved at least by that

22 time to extend the deadline to amend the pleadings to add new claims.  Instead, he waited until

23

two months later to file motions that are both difficult to decipher and that do not address his untimely effort to amend.

Moreover, he failed to attach a proposed amended complaint, so the court and the defendants are left to guess as to what his claims may be and whether amendment would be futile. *See* LR 15-1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."). Finally, the defendants would be prejudiced by a late amendment. The parties have fully briefed summary judgment. To add a new claim now involving a new theory and potentially a new defendant[2] would require reopening discovery and only delay the proceedings in this case that is already more than four and a half years old.

To the extent Ferguson's motions are to compel or for sanctions as a discovery violation, they are untimely. *See V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360 (D. Nev. 2019) (setting forth factors for determining whether a motion to compel is timely). Ferguson's motions were filed after the discovery cutoff and dispositive motions deadlines had already expired, and after LVMPD had filed its summary judgment motion, even though he knew City had not produced the documents. ECF Nos. 55, 90. He offers no explanation for his delay. If I considered discovery sanctions against City, I would have to consider lesser remedies, such as ordering City to produce the materials. That likely would result in reopening discovery even though summary judgment has been fully briefed and the case is over four years old. Further, Ferguson did not comply with the Local Rules' meet-and-confer requirement. LR 26-6(c). I therefore deny his motions.

---

[2] It is unclear whether Ferguson seeks to add a claim against City for the actions of its agent, a claim against George, or both.

**B.  Filings Related to Expanding the Briefing (ECF Nos. 104, 112, 114, 116, 123, 124)**

The parties have filed numerous documents consisting of Ferguson attempting to expand the summary judgment briefing and LVMPD moving to strike those documents.

<u>1.  Motion for Leave to File Surreply, Motion to Strike (ECF Nos. 104, 114)</u>

Ferguson moves for leave to file a surreply to LVMPD's reply on LVMPD's motion for summary judgment. ECF No. 104.  This motion is based on Ferguson's assertion that City withheld documents from the underlying citation proceedings.  Ferguson states that he was not found guilty of any crime, and he states that the Ninth Circuit has already rejected the defendants' community caretaking rationale for towing the car.  Although I did not grant the motion for leave to file a surreply, Ferguson nevertheless filed one. ECF No. 110.  That prompted LVMPD to move to strike ECF No. 110 as an unauthorized surreply. ECF No. 114. Ferguson responds to the motion to strike by arguing in opposition to LVMPD's motion for summary judgment. ECF No. 118.

"Surreplies are not permitted without leave of court." LR 7-2(b).  Such motions "are discouraged." *Id.*

I deny Ferguson's motion for leave to file a surreply and I grant LVMPD's motion to strike in that I will not consider Ferguson's unauthorized surreply when resolving the parties' competing summary judgment motions.  Ferguson has not identified any reason why the arguments he raises in the surreply could not have been presented in response to LVMPD's motion for summary judgment, in his own motion for summary judgment, or in his reply to his own motion for summary judgment.

/ / / /

/ / / /

## 2.  Motion for More Definite Statement (ECF No. 112)

Ferguson filed a document entitled "Plaintiff More Definite Statement on motion for judgment as a matter of law." ECF No. 112.  In that document, he appears to be responding to the defendants' assertions that Ferguson's filings are unclear. *See id.* at 1.  He then sets forth various legal principles, repeats his position that the Ninth Circuit already addressed the community caretaking doctrine, and makes various unspecified allegations of fraud. *Id.* at 1-5. LVMPD opposes the motion, arguing that it need not be more definite in its statement of its own summary judgment motion.

I do not understand Ferguson's motion to be one seeking to require LVMPD to be more definite.  Rather, it appears Ferguson's motion is another attempt to supplement his own briefs in response to the defendants' arguments that his filings are unclear.  I deny the motion because it is essentially another unauthorized surreply.

## 3.  Motion to Strike (ECF No. 116)

Ferguson filed a standalone document entitled "Exhibit Minutes of the Senate Committee on Judiciary." ECF No. 109.  The minutes are dated March 31, 2017 from the Nevada Legislature's Senate Committee on Judiciary. *Id.* at 3.  The minutes discuss "[c]ivil asset forfeiture abuse" and Nevada Revised Statutes (NRS) Chapter 179. *Id.* at 5, 10, 14-17.  LVMPD moves to strike, arguing that the filing is a rogue document and is irrelevant to this case, which does not involve civil asset forfeiture under NRS Chapter 179.

I grant LVMPD's motion because the Senate Committee minutes are irrelevant to this case.  There is no evidence Ferguson's vehicle was seized under Chapter 179 or as part of a civil asset forfeiture.  Forfeiture under Chapter 179 requires a showing that the forfeited property is "attributable to the commission or attempted commission of any felony." NRS § 179.1164(1)(a).

7

1 There is no evidence Ferguson was charged with or suspected of a felony.  To the contrary, the

2 impound report states that the vehicle was not used in the commission of a crime. ECF No. 128-1

3 at 6.  Additionally, the notice Fast Tow sent to Ferguson referred to NRS Chapters 487 and 108,

4 not Chapter 179. *Id.* at 7.  I therefore grant LVMPD's motion in that I will not consider this

5 exhibit when ruling on the parties' summary judgment motions.

6 <u>4.  Request for Judicial Notice and Motion to Strike (ECF Nos. 123, 124)</u>

7 Ferguson moves for leave to file a request for judicial notice.  The motion starts with

8 various statements regarding Ferguson's contentions in this case. ECF No. 123 at 2.  Those

9 "facts" are not judicially noticeable because they are subject to reasonable dispute. Fed. R. Evid.

10 201(b).  The rest of the document contains various legal citations and excerpts of rules regarding

11 judicial conduct, statutes, and cases. *Id.* at 2-10.  The motion ends by requesting judgment be

12 entered in Ferguson's favor. *Id.* at 8.  LVMPD moves to strike this document, arguing it is

13 unclear what the purpose of the filing is and there is no basis for judgment to be entered in

14 Ferguson's favor based on the legal excerpts provided.

15 I deny Ferguson's motion for leave to request judicial notice.  I cannot discern what the

16 purpose of this document is other than to set out excerpts of various statutes, rules, cases, and

17 canons of judicial ethics, without any connection between those authorities and this case.  Nor do

18 the cited authorities provide a basis to grant judgment in Ferguson's favor.  It appears to be yet

19 another attempt at an unauthorized surreply.  Because I deny Ferguson's motion, I deny as moot

20 LVMPD's motion to strike it.

21 **C.  Motions for Summary Judgment (ECF Nos. 92, 97)**

22 Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

23 any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  LVMPD and City do not contest that they acted under color of law.  Thus, the dispute centers on whether they violated Ferguson's constitutional rights.

LVMPD and City are local government entities.  A local government may be sued under § 1983 under certain circumstances. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  To establish municipal liability, Ferguson must show that "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [Ferguson's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

1 The policy can be an official policy, a "pervasive practice or custom," a failure to train,

2 supervise, or discipline, or "a decision or act by a final policymaker." *Horton by Horton v. City*

3 *of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).  A theory based on respondeat superior

4 liability is not sufficient to confer § 1983 municipal liability. *Id.* at 603.

5       LVMPD and City argue that the officers did not violate either the Fourth or Fourteenth

6 Amendment.  Additionally, they contend that even if the officers violated Ferguson's rights,

7 LVMPD and City are not liable because Ferguson cannot show an official policy, custom, or

8 practice was the moving force behind any violation or that they were deliberately indifferent.

9 Finally, City argues there are no allegations or evidence that make it liable for the LVMPD

10 officers' or Fast Tow's conduct.

11       **A.  Fourth Amendment**

12       Even if the officers violated Ferguson's Fourth Amendment rights, Ferguson admitted

13 that he has "no knowledge of any other incidents demonstrating that LVMPD encourages,

14 ratifies or condones unconstitutional police misconduct." ECF No. 92-4 at 13.  He has presented

15 no other evidence of a policy, custom, or practice that was the moving force behind the alleged

16 violation.  He also has not presented any evidence to show that City is liable for the LVMPD

17 officers' conduct.  Consequently, I grant summary judgment in favor of LVMPD and City on

18 Ferguson's Fourth Amendment claim.

19       **B.  Fourteenth Amendment**

20       Ferguson's Fourteenth Amendment claim is based on his allegation that Fast Tow sold

21 his car without prior notice and before he could contest the seizure in court.  LVMPD moves for

22 summary judgment, arguing that when officers act in a caretaking function, no pre-deprivation

23 notice and hearing is required before impounding a vehicle.  It also argues Ferguson was

1   nevertheless told beforehand that the vehicle was going to be towed, why, who would tow it, and

2   where it would be taken.  LVMPD contends that post-towing, the process for retrieving it is

3   outlined in NRS §§ 706.4468, 108.270, and 108.310.  And it argues it could not have violated his

4   due process rights to recover the vehicle from the impound yard because at that point, LVMPD

5   no longer had control over the vehicle, as it was in Fast Tow's possession.  LVMPD again argues

6   that it cannot be liable even if there was a violation because Ferguson has no evidence of an

7   unconstitutional policy, custom, or practice where Ferguson relies solely on what happened in

8   this case.  City joins in the motion, arguing there is no evidence it towed or impounded the

9   vehicle.

10      Ferguson responds that Baker or LVMPD receive a fee for impounding cars[3] and it is

11   LVMPD's policy to take cars without a pre-deprivation hearing.  He asserts Baker and Garcia

12   "conducted a quasi-in-rem trial, that assumed that the lack of these quasi tax makes the road less

13   safer, this decision making was final, and posed a deliberate indifference to . . . Ferguson['s]

14   Rights, because $100 administrative fee attached by law . . . ." ECF No. 96. at 5.

15      Because Ferguson did not respond to LVMPD's request for admissions, he admitted that

16   he has "no knowledge of any other incidents demonstrating that LVMPD encourages, ratifies or

17   condones unconstitutional police misconduct." ECF No. 92-4 at 13.  Even without this

18   admission, he presents no evidence that would subject either LVMPD or City to municipal

19   liability.  Ferguson argues that because this incident happened to him, and the "record will show

20   that there are no policy violations," it is LVMPD's policy "to remove property from citizens

21   without due process of law and is likely so widespread that no wrong is seen in this deprivation."

22   ECF No. 96 at 5.  Ferguson also states in his opposition that Baker and Garcia stated to him that

23

[3] He presents no evidence to support this allegation.

1   "[w]e do this all the time." ECF No. 96 at 3.  But Ferguson presents no evidence of any other

2   incidents that would support an inference of a policy, custom, or practice. *See Gant v. Cnty. of*

3   *Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (stating that "[p]roof of a single incident of

4   unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the

5   incident includes proof that it was caused by an existing, unconstitutional municipal policy,

6   which policy can be attributed to a municipal policymaker").  And he presents no evidence of the

7   context in which Baker and Garcia made the alleged statement or what they meant by "we" or

8   doing "this."  It is unclear whether they were referring to themselves or LVMPD as a whole, and

9   what policy, custom, or practice this statement is supposed to signify.  Even liberally construing

10  Ferguson's pro se filings and viewing the evidence in his favor, this single out-of-context

11  statement is insufficient to raise a genuine dispute for trial.[4]  Moreover, he has presented no

12  evidence City has a policy, custom, or practice or that it is liable for any violations caused by

13  LVMPD's policy, custom, or practice.  Finally, Ferguson presents no evidence or argument that

14  either LVMPD or City are liable for Fast Tow's conduct.  Consequently, I grant summary

15  judgment in favor of LVMPD and City on Ferguson's Fourteenth Amendment due process

16  claim.

17       **C.  Baker and Garcia**

18       Ferguson never successfully served defendants Garcia or Baker.  I therefore order

19  Ferguson to show cause why his claims against these defendants should not be dismissed without

20  prejudice for failure to timely serve them.

21  / / / /

22

---

23  [4] Ferguson also relies on news articles about alleged civil asset forfeiture abuses in Nevada. ECF
    No. 96-1 at 1-22.  But as discussed above, Ferguson's car was not taken pursuant to civil asset
    forfeiture, so those articles have no bearing on the issues in this case.

**D.  Fast Tow**

Fast Tow was served on November 14, 2019. ECF No. 34 at 6.  Fast Tow never appeared in the case.  Ferguson moves for summary judgment, but he presents no evidence or argument to show Fast Tow is a state actor who could be liable under § 1983 or that any violation was due to that entity's policy, custom, or practice. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40, 1143 (9th Cir. 2012).  He therefore has not met his initial burden of establishing he is entitled to judgment as a matter of law against Fast Tow on either of his § 1983 claims.  Consequently, I deny Ferguson's motion for summary judgment to the extent it was meant to include Fast Tow.

**III.  CONCLUSION**

I THEREFORE ORDER that plaintiff Christopher Ferguson's motion for joinder of claims **(ECF No. 98)** and motion re: fraud on the court **(ECF No. 99) are DENIED**.

I FURTHER ORDER that plaintiff Christopher Ferguson's motion for leave to file a surreply **(ECF No. 104) is DENIED.**

I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's motion to strike **(ECF No. 114) is GRANTED** in that I will not consider ECF No. 110 when resolving the parties' summary judgment motions.

I FURTHER ORDER that plaintiff Christopher Ferguson's "More Definite Statement on motion for judgment as a matter of law" **(ECF No. 112) is DENIED**.

I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's motion to strike **(ECF No. 116) is GRANTED** in that I will not consider ECF No. 109 when resolving the parties' summary judgment motions.

I FURTHER ORDER that plaintiff Christopher Ferguson's motion for leave to file request for judicial notice **(ECF No. 123) is DENIED**.

1    I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's

2 motion to strike **(ECF No. 124) is DENIED as moot**.

3    I FURTHER ORDER that plaintiff Christopher Ferguson's motion for summary

4 judgment **(ECF No. 97) is DENIED**.

5    I FURTHER ORDER that defendant Las Vegas Metropolitan Police Department's

6 motion for summary judgment **(ECF No. 92)** and defendant City of Las Vegas's joinder **(ECF**

7 **No. 94) are GRANTED**.

8    I FURTHER ORDER that plaintiff Christopher Ferguson's motion to strike **(ECF No.**

9 **136) is GRANTED**.  The clerk of court shall STRIKE the notice of manual filing at ECF No.

10 134.

11    I FURTHER ORDER that by April 16, 2021, plaintiff Christopher Ferguson shall show

12 cause why his claims against defendants Chad Baker and Sergeant Garcia should not be

13 dismissed without prejudice for failure to timely serve.  Failure to respond to this order by that

14 date will result in dismissal of those claims without prejudice and without further notice.

15    DATED this 24th day of March, 2021.

16

17    _____

    ANDREW P. GORDON
18    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

14