# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER EDWARD FERGUSON, | Case No.: 2:16-cv-01525-APG-NJK |
| Plaintiff | **Order** |
| v. | [ECF Nos. 139, 149, 151, 152, 157] |
| CHAD BAKER, et al., | |
| Defendants | |

Plaintiff Christopher Ferguson sued the Las Vegas Metropolitan Police Department (LVMPD), LVMPD officer Chad Baker and sergeant Miguel Garcia, the City of Las Vegas, and Fast Tow, Inc. after his car was towed.  I previously granted summary judgment in favor of LVMPD and the City. ECF No. 137 at 10-12.  I ordered Ferguson to show cause why I should not dismiss Baker and Garcia because Ferguson had not properly served them. *Id.* at 12-14.

Ferguson responded to the order to show cause by arguing that he believed the court would serve the defendants because he is a pro se litigant.  He also argues that he properly served LVMPD, which employs Baker and Garcia, so they have been served.  Because neither Baker nor Garcia have appeared in this action, there is no response to this filing.

Ferguson also filed motions for a new trial and for judgment, which LVMPD and the City oppose.  Ferguson moves to strike the responses to his motions, which LVMPD and the City also oppose.  Finally, Ferguson requests a stay pending appeal.

I dismiss without prejudice Ferguson's claims against Garcia and Baker for failure to timely serve them.  I deny Ferguson's motions for a new trial and for judgment because I find no basis to reconsider my prior ruling regarding LVMPD and City.  I also deny Ferguson's motions

to strike because there is no basis to grant them.  Finally, I deny as moot Ferguson's request for a stay pending appeal because the appeal has been dismissed.

**I.  ANALYSIS**

   **A.  Order to Show Cause Regarding Service on Baker and Garcia**

   In September 2019, I ordered Ferguson to provide the United States Marshal with the required Form USM-285 for each defendant so the Marshal could serve them. ECF No. 28 at 1. I also ordered that "[w]ithin 20 days after receiving back from the United States Marshal a copy of the Form USM-285 showing whether service has been accomplished, Ferguson must file a notice with the court identifying whether the defendants were served." *Id.*  And I advised Ferguson that if he wanted to "have service again attempted on an unserved defendant, he must file a motion with the court identifying the unserved defendants and specifying a more detailed name and/or address for each such defendant, or whether some other manner of service should be attempted." *Id.*  Ferguson requested an extension of time to return the forms, which I granted. ECF Nos. 30-32.

   In November 2019, proof of service was returned for City, Fast Tow, and LVMPD. ECF No. 34.  The proof of service for Garcia was returned unexecuted with a notation stating that the "individual to be served is unknown by LVMPD headquarters" and "more information [was] needed." ECF No. 37 at 6.  There is no evidence that Ferguson returned the USM-285 for the Marshal to serve Baker.  Nor did Ferguson seek to re-serve Baker after no proof of service was returned for Baker.

   In May 2020, the clerk of court issued a notice under Federal Rule of Civil Procedure 4(m) advising Ferguson that he had not timely served Garcia and warning him that this action against Garcia may be dismissed without prejudice unless Ferguson showed proof of service.

1  ECF No. 68.  Ferguson responded by providing Garcia's full name and requesting the court issue

2  an amended summons to have Garcia served. ECF No. 70.  In June 2020, Magistrate Judge

3  Koppe granted Ferguson's request and instructed the clerk's office to send Ferguson a USM-285,

4  which Ferguson had to return for the Marshal to attempt service on Garcia. ECF No. 83.  Judge

5  Koppe also directed Ferguson to inform the court whether service had been accomplished and, if

6  not, to file a separate motion to again attempt service. *Id.*  That summons was returned

7  unexecuted because the Marshal indicated that no USM-285 was received. ECF No. 95.

8  Ferguson did not thereafter seek to re-serve Garcia.

9       Ferguson apparently abandoned his efforts to serve Garcia more than year ago.  As for

10 Baker, it appears Ferguson never returned the USM-285 for service on Baker.  Even if he did, he

11 failed to thereafter seek to have Baker re-served after no proof of service was returned for Baker.

12 Ferguson has not shown good cause or excusable neglect for his failure to timely serve Baker or

13 Garcia. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  Ferguson's pro se

14 status does not relieve him from complying with court orders or the Federal Rules of Civil

15 Procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  I therefore dismiss Ferguson's

16 claims against Garcia and Baker without prejudice for lack of timely service under Federal Rule

17 of Civil Procedure 4(m).

18       **B.  Motions for New Trial and for Judgment (ECF Nos. 139, 151)**

19       Ferguson moves for a new trial and for judgment.  I deny the motion for reconsideration

20 because Ferguson's motion is a rehash of arguments already made and rejected. *Sch. Dist. No.*

21 *1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *In re AgriBioTech,*

22 *Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).  I deny the motion for judgment because it is not

23

supported by any evidence or argument that would warrant judgment in Ferguson's favor and it is essentially another motion for reconsideration.

### C.  Motions to Strike (ECF Nos. 149, 157)

I deny Ferguson's motions to strike because I cannot discern the bases for the motions. Moreover, there is nothing improper about the defendants' responses to Ferguson's motions.

### D.  Motion to Stay Pending Appeal (ECF No. 152)

I deny Ferguson's motion to stay pending appeal because it is moot.  The Ninth Circuit dismissed Ferguson's appeal and I entered the order on mandate returning the case to this court in July 2021. ECF Nos. 160; 163; 165.

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff Christopher Ferguson's claims against defendants Miguel Garcia and Chad Baker are DISMISSED without prejudice for failure to timely serve. The clerk of court is instructed to terminate Miguel Garcia and Chad Baker as defendants in this action.

I FURTHER ORDER that plaintiff Christopher Ferguson's motions for a new trial and for judgment **(ECF Nos. 139, 151) are DENIED.**

I FURTHER ORDER that plaintiff Christopher Ferguson's motions to strike **(ECF Nos. 149, 157) are DENIED**.

I FURTHER ORDER that plaintiff Christopher Ferguson's motion for stay pending appeal **(ECF No. 152) is DENIED as moot**.

DATED this 22nd day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE